## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALICE BASTEMEYER AND HANK BASTEMEYER,** | : | No. 3:05cv596 |
| | : | |
| Plaintiffs, | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **DOLLAR GENERAL CORPORATION,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the Court for disposition is Plaintiffs Alice and Hank Bastemeyer's motion to remand. This matter has been briefed fully and is ripe for disposition. For the following reasons, we find the Defendant has satisfied its burden of establishing federal jurisdiction, and therefore, will deny the motion to remand.

**I. Background**[1]

On February 22, 2005, Plaintiffs Alice and Hank Bastemeyer filed a two-count complaint in the Court of Common Pleas for Luzerne County, Pennsylvania, advancing state law claims of negligence and loss of consortium. Plaintiffs were and are husband and wife. In the complaint, Count I states Plaintiff Alice Bastemeyer suffered numerous injuries resulting from a slip and fall in Defendant Dollar General Corporation's place of business in Shavertown, Pennsylvania. Plaintiffs allege Defendant caused the injuries by causing and allowing a dangerous condition to exist on its premises, and by failing to warn customers of the danger. Count II asserts Defendant's actions listed in Count I caused Plaintiff Hank

---

[1]Background facts are derived from Plaintiff's Complaint and Defendant's Notice of Removal.

Bastemeyer's loss of consortium.

The complaint does not demand a specific damage amount. Instead, Plaintiffs seek judgment in excess of $50,000 plus costs and interest. On March 24, 2005, Defendant filed a timely Notice of Removal with the Court. Defendant seeks removal to federal jurisdiction based on complete diversity of citizenship and an amount in controversy in excess of $75,000. On March 30, 2005, Plaintiffs filed a Motion to Remand the case to the Luzerne County Court of Common Pleas. The motion asserts Defendant failed to establish complete diversity of citizenship, and failed to establish the amount in controversy exceeds $75,000.

## II. Discussion

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C.A. § 1332(a)(1). A defendant may seek removal from state to federal court by submitting to the district court a "short and plain statement of the grounds for removal . . . ." Id. § 1446(a). To avoid remand to state court, Defendant must establish the amount in controversy exceeds $75,000, and the Plaintiffs and Defendant are citizens of different states.

### A. Amount in Controversy

The first issue raised by the Motion to Remand is whether the amount in controversy exceeds $75,000. Removal statutes should be read narrowly, in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In removal cases, the defendant has the burden to establish the amount in controversy. Meritcare Inc. v. St. Paul Mercury Insurance

Co., 166 F.3d 214, 222 (3d Cir. 1999). Where disputes over factual matters must be resolved, the party claiming jurisdiction must support its claim by a "preponderance of the evidence." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004) (citing the standard used in McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936)).

Once these disputes are settled, the Court must determine whether the amount in controversy threshold has been established. The standard to determine whether the minimum amount in controversy has been met was set out by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), as follows: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. . . . If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." Id. at 289.

The Third Circuit has affirmed the legal certainty standard several times. See, e.g., Packard v. Provident National Bank, 994 F.2d 1039, 1045-46 (3d Cir. 1993) (directly quoting the legal certainty standard from Red Cab, 303 U.S. at 289). In Meritcare, 166 F.3d 214 (3d Cir. 1999), the same court held "[w]hen it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded . . . ." Id. at 217 (citing Red Cab, 303 U.S. at 289). Most recently, Samuel-Bassett advised district courts to "adhere to the 'legal certainty' test cited in such cases as Meritcare, 166 F.3d 214, Packard, 994 F.2d 1039, . . . ." Samuel-Bassett, 357 F.3d at 398. Thus, a removing defendant must demonstrate that the plaintiff's inability to recover more than

3

$75,000 falls short of a legal certainty.

The amount in controversy is determined by examining the damages claimed at the time the complaint is filed. 28 U.S.C.A. § 1332(7). However, a complaint filed in Pennsylvania state court is not required to allege a specific amount of damages sought.[2] If damages are unspecified in the complaint, "the amount in controversy is measured as of the date of removal . . . ." Meritcare, 166 F.3d at 217. Damages pled in non-monetary "categories" may be translated into "monetary sums." Samuel-Bassett, 357 F.3d at 398-99.

In the present case, Plaintiffs' complaint asserts the amount in controversy is "[m]ore than $50,000," but does not list a specific amount. (Def.'s Notice of Removal Ex. A.) The amount in controversy did not change between Plaintiffs' filing the complaint and Defendant's petition for removal.[3] Using the Samuel-Bassett test, we will remand if it appears to a legal certainty that Plaintiffs cannot recover more than $75,000. 357 F.3d at 398.

Here, Defendant notes Plaintiffs' claim exceeds $50,000. (Def.'s Notice of Removal ¶ 3.) Defendant next points out that Plaintiff Alice Bastemeyer claims to have suffered a fractured left hip and other painful injuries, possibly long-term "disfigurement and loss of life's pleasures," and the same Plaintiff states she may be forced to undergo medical treatment and pay medical expenses for the rest of her life. (Id. ¶ 4, citing Pls.' Compl., ¶¶ 9-11.) In

---

[2] PA. R. CIV. P. 1021 ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum").

[3] Defendant submitted letters of correspondence between Plaintiffs' and Defendant's attorneys, intended to prove the amount in controversy exceeds $75,000. Instead of concerning ourselves with what might or might not have been stated between attorneys, we focus on the fact that at the time Defendant filed its Notice of Removal, Plaintiffs' damages claim remained the same as in Plaintiffs' Complaint.

response, Plaintiffs merely argue Defendant cannot prove the minimum amount is met. (Pls.' Mot. to Remand ¶¶ 15-16.)

Angus v. Shiley, Inc., 989 F.2d 142 (3d Cir. 1993), found the minimum amount in controversy was satisfied because there was "no doubt that a reasonable jury likely could have valued [the plaintiff's] losses at over [the jurisdictional minimum]." Id. at 146. As in Angus, a reasonable jury in this case easily could value the sum of Plaintiff's damages - major surgery and potentially permanent injuries and medical costs, already stated by the Plaintiffs as exceeding $50,000 - at more than $75,000.

Because it is less than a legal certainty that Plaintiffs cannot recover more than $75,000, Defendant has established the amount in controversy exceeds $75,000. Remand to state court based on the amount in controversy is not appropriate.

**B. Diversity of Citizenship**

Plaintiffs also argue Defendant failed to establish diversity of citizenship between the parties. We disagree. "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1446(c)(1). A defendant's notice of removal must contain a "short and plain statement of the grounds for removal." Id. § 1446(a). No portion of the statute requires the defendant to attach to its notice documentation of all parties' citizenship. See generally 28 U.S.C.A. § 1446.

In the present case, Defendant asserts it is incorporated in Kentucky and its principal place of business is Tennessee. (Def.'s Notice of Removal ¶ 9.) Therefore, its citizenship is

5

in both Kentucky and Tennessee.  It notes Plaintiffs are Pennsylvania citizens.  Id. ¶ 8.  These assertions, coupled with the claim that the amount in controversy exceeds the jurisdictional minimum, are sufficient to create a "short and plain statement" of the grounds for removal.  28 U.S.C.A. § 1446(a).  By establishing Plaintiffs are Pennsylvania citizens and Defendant is a Kentucky and Tennessee citizen, the Notice of Removal clearly demonstrates complete diversity of citizenship.

**III. Conclusion**

For the above stated reasons, we find the Defendant has established the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. Therefore, we will deny Plaintiffs' Motion to Remand.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALICE BASTEMEYER AND HANK BASTEMEYER,** | : | No. 3:05cv596 |
| Plaintiffs, | : | (Judge Munley) |
| v. | : | |
| **DOLLAR GENERAL CORPORATION,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW,** to wit, this 8th day of June 2005, Plaintiffs' motion to remand (Doc. 3) is hereby **DENIED.**

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**